**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Enriquez,<br><br>    Plaintiff,<br><br>v.<br><br>Gemini Motor Transport LP,<br><br>    Defendant. | No. CV-19-04759-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Gemini Motor Transport's Motion to Disqualify Plaintiff's Counsel. (Doc. 64.) In his response to Defendant's motion, Plaintiff also seeks sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. (Doc. 75.) For the following reasons, both requests are denied.

**DISCUSSION**

**I.**   **Legal Standard**

Because of their potential for abuse, disqualification motions are subjected to "strict scrutiny." *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985). "The burden is on the party seeking to disqualify opposing counsel to demonstrate that disqualification is necessary." *Mardian Equip. Co. v. St. Paul Ins. Co.*, No. CV05–2729–PHX–DGC, 2006 WL 798881, at *1 (D. Ariz., Mar. 28, 2006) (citing *Amparano v. Asarco, Inc.*, 208 Ariz. 370, 377, 93 P.3d 1086, 1093 (Ct. App. 2004)). The moving party must show "sufficient reason" for the attorney to be disqualified. *Amparano*,

208 Ariz. at 377, 93 P.3d at 1093.

"The standards for disqualification of an attorney . . . derive from the applicable disciplinary rules." *Optyl Eyewear*, 760 F.2d at 1048. This Court applies the Arizona Rules of Professional Conduct to evaluate the conduct of attorneys admitted or authorized to practice before it. LRCiv 83.2(e); *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, 810 F. Supp. 2d 929, 944 (D. Ariz. 2011). Arizona courts have specified that disqualification of an attorney is an extreme remedy; courts rarely interfere with the attorney-client relationship. *Alexander v. Superior Ct.*, 141 Ariz. 157, 161, 685 P.2d 1309, 1313 (1984). Indeed, the Preamble to the Arizona Rules of Professional Conduct states that a violation of an ethical rule "does not necessarily warrant any other non-disciplinary remedy, such as disqualification of a lawyer in pending litigation." Ariz. R. Sup. Ct. 42, pmbl. at 20. In general, the rules of professional responsibility are for "ethical enforcement and are not designed to be used as a means to disqualify counsel." *Amparano*, 208 Ariz. at 376, 93 P.3d at 1092.

Ethical Rule ("ER") 1.7 of the Arizona Rules of Professional Conduct provides that a concurrent conflict of interest exists if:

> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

ER 1.8 also regulates conflicts and specifies under what circumstances an attorney may accept payment from a third party on behalf of a client. Comment 10 explains that a conflict exists where "there is a significant risk that the lawyer's representation of the client will be materially limited . . . by the lawyer's responsibilities to the third-party payer." Ariz. R. Sup. Ct. 42, ER 1.8, cmt. 10.

## II.   Analysis

### A.  Motion to Disqualify Plaintiff's Counsel

Here, any conflict of interest between Mr. Coulter's clients is speculative. Although

the rules counsel against simultaneous representation of clients with adverse interests, there is no categorical restriction against Plaintiff's counsel representing third-party witnesses. Certainly, in such circumstances, the very real possibility exists that the interests of a lawyers' clients will diverge during the course of their respective representations thus creating conflict(s). Thus, even assuming it is not categorically unethical, the practice here engaged in by Plaintiff's counsel should be disfavored. Nevertheless, at least under these circumstances it would invite abuse if sanctioned by disqualification.

Similarly, Defendant's speculation that the apparent absence of a fee agreement between Plaintiff's Counsel and third-party witnesses establishes that their fees are effectively being paid by Plaintiff, is unsupported by fact or law. ER 1.8 regulates arrangements where a third party affirmatively pays an attorney's fees. It does not pass judgment on the circumstance where no fee agreement is made. The mere potential for conflict does not so infect the litigation that it impacts Plaintiff's interest in the just and lawful determination of his claims. Accordingly, Defendant has not met its burden to show sufficient reason for Plaintiff Counsel's disqualification.

### B. Motion for Costs and Fees

Pursuant to 28 U.S.C. § 1927, a district court has discretion to impose sanctions on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Section 1927 sanctions must be supported by a finding of either "recklessness plus knowledge" or "subjective bad faith." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Such mental states are present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *Id.* n.8 (noting that defense counsel's frivolous argument satisfied both the reckless and knowing and subjective bad faith standards). A district court's inherent power to sanction likewise applies only where a court finds bad faith or conduct tantamount to bad faith. *Id.*

Plaintiff has failed to show that the motion to disqualify was filed in bad faith or for the purpose of harassment. The court therefore denies his request for sanctions.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Gemini Motor Transport's Motion to Disqualify Plaintiff's Counsel (Doc. 64) is **DENIED.**

Dated this 12th day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge