**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Enriquez, | No. CV-19-04759-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Gemini Motor Transport LP, | |
| Defendant. | |

Pending before the Court is Gemini Motor Transport LP's ("Defendant") Motion to Modify the Court's Scheduling Order and For Leave to Amend Defendant's Answer (Doc. 84). For the reasons below, the Motion is granted.

## BACKGROUND

Mr. William Enriquez ("Plaintiff") is a Seventh-day Adventist who worked for Defendant in August and September of 2017. (Doc. 66 at 5–6); (Doc. 70 at 2.) After his employment ended in September, Plaintiff initiated the instant lawsuit, alleging various violations of Title VII and Arizona law.

During the pendency of the lawsuit, Defendant uncovered that Plaintiff had been criminally convicted of various offenses in California. (Doc. 84-2 at 23–25.) Plaintiff did not disclose these convictions on his job applications or in response to an interrogatory asking for such information. (Docs. 66-5, 66-6, 84-1 at 7.) As a result, Defendant now asks the Court to modify the Scheduling Order so that Defendant may amend the Answer

to add an after-acquired evidence defense.

**DISCUSSION**

**I. Mandatory Initial Disclosure Pilot Project**

The crux of Defendant's Motion is that because Plaintiff failed to disclose his criminal convictions during discovery, Defendant had no opportunity to plead an after-acquired evidence defense. (Doc. 84 at 2.) This case is governed by the Mandatory Initial Disclosure Pilot ("MIDP") project, which significantly alters the discovery rules contained in the Federal Rules of Civil Procedure. (Doc. 5.) In contrast to the Federal Rules, MIDP requires that all parties disclose "facts that are relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses." (Doc. 5 at 4.) MIDP also requires the parties to supplement their mandatory disclosures "in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party." (Doc. 5 at 5.) Therefore, Plaintiff had an affirmative duty to disclose relevant facts in this case.

**II. Modification of the Scheduling Order**

    **A. Good Cause**

Because this Motion comes after the deadline to amend the pleadings, the Court must review it under Rule 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Federal Rule of Civil Procedure 16(b)(4), a party seeking to amend a pleading after the scheduling order deadline must show "good cause" for amendment. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The relevant inquiry is whether the deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Id.* "If the party seeking the modification 'was not diligent, the inquiry should end,' and the motion to modify should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609)).

Here, the deadline to amend the pleadings has clearly passed. The deadline to

amend was January 14, 2020, and the instant Motion was filed on May 28, 2021. (Doc. 21 at 1); (Doc. 84 at 10.) The relevant inquiry, therefore, is whether Defendant has shown that it could not have met the deadline with reasonable diligence. Plaintiff was under an affirmative obligation to disclose facts and documents related to either party's claims or defenses. (Doc. 5 at 4.) Plaintiff should have disclosed his convictions.[1] Plaintiff did not do so and continued not to do so until the deadline for the close of fact discovery. (Doc. 84 at 2.) Even if Defendant had received Plaintiff's answers to its interrogatories prior to the January deadline, Defendant still could not have met the deadline because Plaintiff answered "none" to whether he had ever been a party to a criminal proceeding. (Doc. 84-1 at 7.) Good cause exists because Defendant could not have met the deadline despite reasonable diligence.

### B. Excusable Neglect

In addition to showing good cause, Defendant must also show excusable neglect for its failure to comply with the deadline to amend the pleadings. Fed. R. Civ. P. 6(b)(1)(B). To determine whether that showing has been made, the Court considers "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

#### 1. Prejudice to the Non-Moving Party

Plaintiff has either lied or at the least misled Defendant throughout this litigation.[2]

---

[1] Plaintiff also could have objected to the disclosure of his convictions. (Doc. 5 at 4 ("If a party limits its response on the basis of any other objection . . . it must . . . provide a fair description of the information being withheld.").) Even though the after-acquired evidence defense had not yet been pleaded, the convictions were relevant to Defendant's ninth affirmative defense: "Any adverse action taken by Defendant with regard to Plaintiff was justified by legitimate, non-discriminatory, non-retaliatory reasons unrelated to any alleged protected activity and would have been taken regardless of any claim for or need for accommodation or other allegation of discrimination or retaliation by Plaintiff." (Doc. 14 at 8.)

[2] Plaintiff argues, without any acceptable reason for doing so, that he thought the non-uniform interrogatory question was limited to criminal proceedings in the last ten years. (Doc. 84-2.)

First, Plaintiff failed to disclose his prior convictions. Because Plaintiff would have known about his convictions from the outset of the case, the Court can see no reason why Plaintiff failed to disclose them for the entirety of fact discovery. Second, Plaintiff answered "none" to whether he had ever been a party to criminal proceedings in Defendant's first set of non-uniform interrogatories. (Doc. 84-1 at 6–7.) Third, Plaintiff continued to lie or mislead during his deposition, where he refused to answer questions regarding his criminal history—a violation of the Federal Rules of Civil Procedure 30(c)(2).[3] (Doc. 84-2 at 3–6, 17, 20, 23.) Any prejudice created by granting leave to amend would be entirely caused by Plaintiff's conduct in this case. Had Plaintiff properly disclosed the convictions, he would have had plenty of opportunity to gather evidence in rebuttal. This factor, therefore, weighs in Defendant's favor.

### 2. Length of Delay and Impact on Judicial Proceedings

Because the Court intends to notice oral argument on the parties' pending summary judgment motions—in which the after-acquired evidence defense was briefed—it does not expect that granting Defendant's request to modify the Scheduling Order will result in any delay. (Doc. 65 at 16–17); (Doc. 78 at 17–18.) Moreover, even if limited discovery is granted on this issue, it will have little impact on the judicial proceedings. The after-acquired defense goes to damages, not merits, so much of the pending summary judgment motions may still be resolved without full discovery on this specific issue. *See E.E.O.C. v. High Speed Enter., Inc.*, 833 F. Supp. 2d 1153, 1161 (D. Ariz. 2011) (noting that after-acquired evidence is not a bar to liability but a limitation on remedies). Therefore, this factor weighs in Defendant's favor.

### 3. Reason for the Delay

The reason for the delay is that, because of Plaintiff's failure to disclose his convictions, Defendant did not learn of them until January or February 2021. As noted above, Defendant could not have complied with the original deadline, and its failure to do so was not within its "reasonable control." *Pincay*, 389 F.3d at 855. This factor weighs in

---

[3] After an off-the-record conversation, Plaintiff finally began answering questions about his prior convictions. (Doc. 84-2 at 23–27.)

favor of granting the Motion.

### 4. Moving Party's Good Faith

Defendant is seeking to amend because it was—repeatedly—denied access to evidence that would have supported the amendment of the Answer prior to summary judgment. This factor weighs heavily in favor of granting the Motion. It is partially offset by Defendant's delay in seeking the amendment after it became aware of the withheld facts, and by Defendant's designation, on the last day of discovery, of fourteen additional witnesses about whom Plaintiff could not have conducted discovery. But this conduct does not change the fact that Defendant was repeatedly deprived of this information and therefore could not act upon it, so the factor weighs heavily in favor of granting Defendant's motion." Because all factors weigh in Defendant's favor, Defendant has sufficiently shown excusable neglect.

## III. Leave to Amend the Answer

In determining whether to grant leave to amend a pleading, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Neither party contests that this is Defendant's first request to amend its Answer. Factors one and three are discussed in the prior section. Therefore, the Court will consider only undue delay and futility.

### 1. Undue Delay

Defendant asserts that its motion will not cause delay because the reopening of discovery is not necessary and because Plaintiff has not demonstrated the good cause required to reopen discovery, especially when his own conduct obstructed discovery on this issue in the first place. (Doc. 84 at 6–7.) Perhaps discovery does not need to be reopened. But, in the absence of re-opening discovery, Defendant cannot disclose witnesses and testimony beyond what it already has done to establish the after-acquired evidence defense, and the Court will so rule in precluding witness and exhibit testimony.

For purposes of granting the amendment, however, and given the circumstances, the delay caused by a limited re-opened discovery period would not be undue. Therefore, this factor weighs heavily in favor of granting the Motion.

### 2. Futility of Amendment

Amendment is not futile. Although Plaintiff's uncontradicted testimony is that he did not fill out either of the two job applications he submitted to Defendant, the applications were digitally signed by Plaintiff. (Doc. 66-5 at 4); (Doc. 66-6 at 5.) Therefore, Plaintiff's testimony merely creates a genuine issue of fact for trial. Because all factors weigh in Defendant's favor, the Court grants the Motion to Amend.

### CONCLUSION

Defendant has shown both the excusable neglect and good cause required to modify the Scheduling Order. Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify the Court's Scheduling Order and For Leave to Amend Defendant's Answer (Doc. 84) is **GRANTED**.

Dated this 17th day of November, 2021.

_G. Murray Snow_
Chief United States District Judge