**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Enriquez, | No. CV-19-04759-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Gemini Motor Transport LP, | |
| Defendant. | |

Pending before the Court are William Enriquez's ("Plaintiff") Request for Leave to File a Second Motion for Summary Adjudication Solely as to Defendant's New Affirmative Defense (Doc. 113) and Renewed Request to Continue Discovery Cutoff Date (Doc. 114.)  For the reasons below, both Motions are denied.

**BACKGROUND**

In a prior order, the Court found that Plaintiff had failed to disclose his prior criminal history in violation of the Mandatory Initial Discovery Pilot ("MIDP").  (Doc. 98.)  In light of this new information, the Court permitted Defendant to file an amended Answer adding an after-acquired evidence defense.  (Doc. 98.)  Nearly a month later, the Court decided the parties' cross-motions for summary judgment, denying Defendant's Motion as to the new defense.  (Doc. 102.)  However, because Defendant had so recently amended its Answer—after it had filed its Motion for Summary Judgment—the Court specifically held that "Defendant will be allowed to put on any disclosed witness to testify as to Defendant's

practices regarding prior convictions at trial."  (Doc. 102 at 24.)

Thereafter, the parties jointly moved to reopen discovery and stay the pretrial deadlines.  (Doc. 106.)  The Court granted the Motion, giving the parties 120 days—until June 7, 2022—to conduct additional discovery as to the newly added affirmative defense. (Doc. 107.)  Plaintiff now moves for leave to file a second Motion for Summary Judgment as to the after-acquired evidence defense, and both parties request the reopening of discovery, although they disagree as to the scope.  The Court denies both Motions.

## DISCUSSION

### I.  Request for Leave

Plaintiff first requests leave to file a second Motion for Summary Judgment.  (Doc. 113.)  "Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed."  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  Nevertheless, "district courts retain discretion to 'weed out frivolous or simply repetitive motions.'"  *Id.* (quoting *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997)).

Here, such a second Motion for Summary Judgment would be repetitive.  The Court has already decided that Plaintiff failed to comply with the MIDP, depriving Defendant of discovery on this matter until after the Cross-Motions for Summary Judgment were filed. (Docs. 98, 102.)  Moreover, in so deciding, the Court explicitly held that Defendant would be permitted to put on evidence in support of the defense at trial, so long as it otherwise complied with the MIDP and other discovery rules.  (Docs. 98, 102.)  Plaintiff could have easily sought summary judgment on this defense by actually complying with the MIDP; his failure to do so does not justify a second Motion.

### II.  Request to Continue Discovery Cutoff

Both parties request an extension of the discovery deadline.  (Docs. 114, 117.)  As already explained to the parties, (Doc. 111), however, Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the

party seeking to amend] was not diligent, the inquiry should end." *Id.*  Though both parties agree that discovery should be extended, neither has proven that they were diligent in pursuing discovery within the 120-day period.  The Court recognizes that one of Defendant's representatives and one of the defense counsel have experienced health-related issues.  (Docs. 114, 117.)  But the parties do not explain how this has affected discovery: Plaintiff merely cites an outstanding discovery dispute, and Defendant offers a generalized desire to "take any necessary deposition" so that "discovery can be wrapped up." (Doc. 117 at 2.)  This is not diligence.  To the extent the parties cannot come to an agreement regarding any outstanding discovery, the Court will consider the dispute pursuant to the process outlined in the Case Management Order.  (Doc. 21 at 3–4.)

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Leave to File a Second Motion for Summary Adjudication Solely as to Defendant's New Affirmative Defense (Doc. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Request to Continue Discovery Cutoff Date (Doc. 114) is **DENIED**.

Dated this 28th day of June, 2022.

G. Murray Snow
Chief United States District Judge